# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AARON DANIEL BONIN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 23-cv-2158-MMA-MSB<br><br>**ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 57] |

Pending before the Court is Plaintiff Barbara Brisson's unopposed motion for leave to file a second amended complaint. Doc. No. 57. For the reasons set forth below, the Court **GRANTS IN PART** her motion.

## DISCUSSION

On November 22, 2024, Plaintiff Barbara Brisson ("Plaintiff"), individually and as successor in interest to the Estate of Aaron Daniel Bonin, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the County of San Diego (the "County"), Kelly Martinez, Anthony Ray, Jon Montgomery, Dina Cruz, Joy Irwin, Correctional Healthcare Partners ("CHP"), Naphcare, Inc. and various Does. Doc. No. 1. In response to the

Complaint, the County, Martinez, Ray, Montgomery, and Irwin (collectively, "County Defendants") and Naphcare filed motions to dismiss. Doc. Nos. 19, 24. The Court granted in part the County Defendants' motion and granted Naphcare's motion. Doc. No. 36 (the "First Dismissal Order"). Namely, the Court dismissed the following: (1–2) Fourteenth Amendment claims against Irwin and the Doe Deputy Supervisors; (3–4) *Monell* claims against NaphCare and, to the extent her *Monell* claims are based upon the insufficiently pleaded policies, the County; (5) Bane Act claim against Irwin, the Doe Deputy Supervisors, and NaphCare; (6) failure to summon claim in its entirety; (7–8) negligence and negligent training and supervision claims against NaphCare and the County Defendants; and (9) wrongful death claim against the County, NaphCare, Irwin, and the Doe Deputy Supervisors. *Id.* at 32–33. Dismissal was with leave to amend. *Id.* at 33.

On May 24, 2024, Plaintiff filed a First Amended Complaint. Doc. No. 37. Thereafter, the County Defendants and CHP filed motions to dismiss, Doc. Nos. 38, 39, which the Court granted in their entirety, Doc. No. 52 ("FAC Dismissal Order"). In the FAC Dismissal Order, the Court noted that Plaintiff failed to reallege her negligence and wrongful death claims, and did not rename Naphcare as a defendant. *Id.* at 5. As such, the Court dismissed these claims and Naphcare. *Id.* at 19. The Court further dismissed Plaintiff's: (1–2) Fourteenth Amendment claims against the Doe Medical Providers; (3–5) *Monell* and Bane Act claims against CHP; and (6–7) failure to summon and negligent training and supervision claims in their entirety. *Id.* Dismissal was again with leave to amend. Plaintiff's second amended complaint remains due by November 5, 2024. *Id.*

Plaintiff now seeks leave to file a second amended complaint. Doc. No. 57. The County Defendants do not oppose Plaintiff's motion. *Id.* at 2. The Court notes that Plaintiff already has leave to file a second amended complaint. *See* FAC Dismissal Order. However, Plaintiff does not wish to cure the previously identified deficiencies. Instead, she seeks leave to reassert her wrongful death claim against Ray, Martinez,

Montgomery, and the County. According to Plaintiff, this claim was inadvertently omitted from the First Amended Complaint based upon a misunderstanding of the First Dismissal Order. Doc. No. 57 at 1–2.

As an initial matter, in light of the fact that Plaintiff's motion is at least partially unopposed, the Court observes that Federal Rule of Civil Procedure 15 permits amendment "with the opposing party's written consent." Fed. R. Civ. P 15(a)(2). That said, Rule 15 also permits amendment with the Court's leave, which the Court "should freely give when justice so requires." *Id.*

When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors as stated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the pleading. *Foman*, 371 U.S. at 182; *see Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

With respect to the first three factors, there is no evidence of bad faith, delay, or prejudice as Plaintiff promptly filed this motion after realizing the mistake and County Defendants do not oppose the request. Doc. No. 57 at 4. As to futility, Plaintiff contends that the Court has already found that her wrongful death claim is viable. *Id.* Not quite. The Court previously found that Plaintiff adequately stated a wrongful death claim against Ray, Martinez, and Montgomery. First Dismissal Order at 32. And to that extent, the Court agrees that amendment would not be futile.

As to the County, however, the Court previously found that her wrongful death claim rises and falls with her ability to plead a failure to summon claim against a County employee. *Id.* at 31–32. The Court has discussed the relevant immunity statutes and

1   Plaintiff's failure to summon claim at length twice.  In the First Dismissal Order, the
2   Court dismissed Plaintiff's failure to summon claim in its entirety because Plaintiff failed
3   to plead that any individual defendant knew Mr. Bonin needed immediate medical care
4   on the evening of October 23 and failed to take reasonable action.  First Dismissal Order
5   at 23.  Further, the Court noted that at least one individual defendant did summon
6   medical care, and that the duty to summon "does not extend to 'furnishing, monitoring,
7   follow-up, or subsequent care for the same condition' for which care was originally
8   summoned.'"  *Id.* (quoting *Estate of Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101,
9   1117 (E.D. Cal. 2013)).  In the FAC Dismissal Order, the Court again dismissed
10  Plaintiff's failure to summon claim, noting that she had not cured the previously
11  identified deficiencies.  FAC Dismissal Order at 14–17.  In short, "Plaintiff's allegations
12  challenge the adequacy of the care summoned and [ ] do not state a claim under
13  California Government Code § 845.6."  First Dismissal Order at 24.
14         According to Plaintiff's proposed second amended complaint, Doc. No. 57-1, she
15  does not intend to reallege a failure to summon claim.  As a result, asserting a wrongful
16  death claim against the County would be futile.  To reiterate, the County is immune from
17  liability for the wrongful death resulting from an injury to a prisoner, Cal. Gov. Code
18  § 844.6(a)(2), unless that wrongful death is predicated upon a County employee's failure
19  to summon medical care, *id.* § 845.6.  And here, Plaintiff has twice failed to plead a
20  failure to summon claim against a County employee and has already had two
21  opportunities to cure this deficiency.  These two factors weigh conclusively against
22  granting leave to amend.
23         Consequently, the Court finds that leave to amend to reassert a wrongful death
24  claim against Ray, Martinez, and Montgomery is warranted.  However, Plaintiff is not
25  permitted to reassert this claim against the County.
26         Moreover, because the Court has already dismissed Plaintiff's wrongful death
27  claim, the Court also treats her motion as an implicit request for reconsideration of that
28  portion of the FAC Dismissal Order.  Pursuant to Federal Rule of Civil Procedure 60(b),

a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Additionally, Civil Local Rule 7.1.i governs motions for reconsideration in this District. The rule provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." CivLR 7.1.i.1. The party seeking reconsideration under Civil Local Rule 7.1.i.1 must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

The Court previously dismissed this claim in its entirety based upon Plaintiff's apparent voluntary dismissal of the claim. FAC Dismissal Order at 5. Counsel now explains that she inadvertently misread the First Dismissal Order, believing that the Court dismissed this claim in its entirety. Doc. No. 57-3 ¶¶ 11–12. The Court therefore finds that based upon counsel's inadvertent error in removing this claim from the First Amended Complaint, the Court was mistaken when it determined that Plaintiff had voluntarily dismissed this claim. To that extent the Court grants reconsideration of the FAC Dismissal Order.

## CONCLUSION

Based upon the foregoing, the Court **GRANTS IN PART** Plaintiff's motion for leave to file a second amended complaint. Plaintiff is granted leave to file a second amended complaint realleging a wrongful death claim again Ray, Martinez, and Montgomery only. She may not reassert this claim against the County. In accordance

with the FAC Dismissal order, the Court further **DIRECTS** Plaintiff to file a second amended complaint that complies with this order, if any, on or before **November 5, 2024**.

     **IT IS SO ORDERED**.

Dated: November 1, 2024

                      HON. MICHAEL M. ANELLO
                      United States District Judge